## HANNAH SHAW *versus* GEORGE THOMPSON.

No action can be maintained against a wife, or against her administrator, for necessaries supplied to her by the plaintiff, either as upon an implied promise, or upon her express promise, although at the time of such supply the husband was a person *non compos*, residing separately from her in the almshouse, and although she was entitled to certain real estate in her own right, and the husband had, before the necessaries were supplied, conveyed all his interest in such real estate, to a third person.

ASSUMPSIT for services rendered and necessaries furnished to Sarah Bent, the defendant's intestate.

The parties stated a case.

The plaintiff was the daughter of William and Sarah Bent. During the time when the services were rendered and the necessaries supplied, William Bent was a pauper in the poor-

house of Middleborough, and the intestate was living with the plaintiff in that town, at a distance from the poorhouse ; and no assistance was rendered to the intestate, or to the plaintiff, by the town. The intestate died in 1829, and her husband, in 1831. She had a title to certain real estate in her own right, but her husband, before the services were rendered, had sold and conveyed all his right and title to such estate, to a third person.

Upon the death of the intestate, the defendant was appointed her administrator. A commission of insolvency on her estate was duly issued ; and the plaintiff's claim, amounting to the sum of $222·50, was allowed by the commissioners. The defendant was dissatisfied with the allowance of the claim, and gave due notice thereof to the plaintiff ; whereupon this action was brought.

Judgment was to be rendered upon a nonsuit or default, according to the opinion of the Court upon these facts ; unless the Court should be of opinion, that evidence proving that William Bent was *non compos* during the time when the plaintiff's claim accrued, would be material ; in which case a trial by jury was to be had for the purpose of determining whether such was the fact.

*Sturtevant*, for the plaintiff, cited *Warr* v. *Huntly*, 1 Salk. 118 ; *Compton* v. *Collinson*, 1 H. Bl. 334 ; *Norton* v. *Turvill*, 2 P. Wms. 144 ; *Gregory* v. *Paul*, 15 Mass. R. 31 ; *Abbot* v. *Bayley*, 6 Pick. 89.

*Eddy*, for the defendant, cited *St.* 1817, c. 186 ; *Marshall* v. *Rutton*, 8 T. R. 545 ; *Boggett* v. *Trier*, 11 East, 301 ; *Commonwealth* v. *Cullins*, 1 Mass. R. 116 ; *Gregory* v. *Paul*, 15 Mass. R. 31 ; *Abbot* v. *Bayley*, 6 Pick. 89 ; *Parsons* v. *Plaisted*, 13 Mass. R. 189 ; *Russell* v. *Brooks*, 7 Pick. 65 ; *Clapp* v. *Stoughton*, 7 Pick. 463 ; *Commonwealth* v. *Manley*, 12 Pick. 173 ; *Lockwood* v. *Thomas*, 12 Johns. R. 248 ; *Baxter* v. *Earl of Portsmouth*, 2 Carr. & Payne, 178 ; *S. C.* 7 Dowl. & Ryl. 614 ; *Seaver* v. *Phelps*, 11 Pick. 304.

SHAW C. J. delivered the opinion of the Court. By law, a husband is entitled to all the personal property of the wife, including *choses in action*, to all her earnings and acquisitions, and to the income of her real estate ; it also throws

Shaw
*v*
Thompson.

Oct. 23d.

Oct. 24th

Shaw
*v.*
Thompson.

upon him the obligation to support and maintain her. Any implied promise therefore which the law raises to one who affords such support and maintenance, is the promise of the husband, not of the wife.

Nor is a *feme covert* liable on her express promise, for her support. This rule necessarily results from the principle, that the husband and wife are one person in law, and her ability to bind herself by express contracts is necessarily suspended. The cases in which a wife has been held liable as a *feme sole* on her own promise, made when living apart from her husband by mutual agreement, and having a separate maintenance, have not been adopted here ; but were it otherwise, the principle of those cases would not affect the present case, there being no separation by mutual agreement, and no separate maintenance provided for the wife.

The cases of *Gregory* v. *Paul*, and *Abbot* v. *Bayley*, in which married women were permitted to maintain actions in their own names, were put upon the ground that their husbands were foreigners, not within the jurisdiction of the State, who had in effect abandoned them, and renounced their marital rights ; and their condition was considered analogous to that of wives whose husbands had abjured the realm.

If no action would lie against the intestate in her lifetime, none will lie against her administrator. The circumstance, that the wife had a reversionary interest in real estate, which may now, by the aid of the statute, be made assets for the payment of her debts, we think, cannot affect the question whether she did contract a debt, by receiving support and maintenance from her daughter.

If the fact were proved, that the husband was *non compos*, any part or the whole of the time in question, we think it would make no difference, because it would not remove the disability of the wife, or confer on her any new power to bind herself by contract. The law would still raise an implied promise against the husband, for necessaries. *Baxter* v. *Earl of Portsmouth*, 5 Barn. & Cressw. 170 ; *S. C.* 7 Dowl. & Ryl. 614 ; and the law would deem suitable support and maintenance of the wife, necessaries for the husband.

*Plaintiff nonsuit*