HARSHAW, Appellant, *vs.* MERRYMAN, Respondent.

If the husband makes a reasonable allowance to the wife for necessaries during his temporary absence, and a tradesman, *with notice* of this, supplies her with goods, the husband is not liable, unless the tradesman can show that the allowance was not supplied. *Otherwise,* if the tradesman has no notice.

*Appeal from St. Louis Law Commissioner's Court.*

*M. L. Gray,* for appellant. Board and lodging are necessaries, for which the assent of the defendant may be presumed. Chitty on Contracts, 165. Reeve's Domestic Relations, pp. 79, 80. The agreement between the defendant and

Sage constituted no defence, because the plaintiff had no notice of it. *Rawlyns* v. *Vandyke*, 3 Esp. 250. 12 J. R. 248. 11 Wend. 33. 4 Harr. 385. It was no defence for another reason, viz : that Sage did not, in fact, provide for the defendant's wife. On the whole case, see the following authorities : *Frost* v. *Willis*, 13 Vt. Rep. 202. *Hughes* v. *Chadwick*, 6 Ala. Rep. 651. 8 J. R. 72.

*Knox & Kellogg*, for respondent, cited 2 Roper on Husband and Wife, 110–11–12. Chitty on Con. 160–61. 11 Wend. 33. 8 N. H. 350. 12 J. R. 248. Reeve on Dom. Rel. 810.

Scott, Judge, delivered the opinion of the court.

Merryman, the respondent, when about to leave St. Louis for California, made an arrangement with Cornwall Sage to supply his wife and child with necessaries during his absence, and left some money with him for that purpose. In pursuance to this arrangement, after Merryman's departure, his wife and child lived with Sage, who supplied her with what she wanted. After remaining some time with Sage, Mrs. Merryman went and took board at her sister's, the plaintiff and appellant, where she continued for about seven months. It does not appear but that Mrs. Merryman was suitably provided for at Sage's, and there is no evidence that the plaintiff had any notice of the arrangement made by the defendant with Sage, for the boarding and providing for his wife and child during his absence. A portion of Merryman's furniture was sent by him to the plaintiff's house, before he went to California. A witness was asked, what was said by Mrs. Merryman when she applied to the plaintiff for board ; this question was objected to, and the objection was sustained by the court, to which an exception was taken. On the facts above stated, an action was brought by the plaintiff against the defendant, for the board of his wife and child.

1. The only question presented by the instructions, which

we deem important to be considered in the determination of this controversy, is, whether it should have been shown by the defendant that the plaintiff had notice of the provision that was made by him for the board of his wife and child, during his absence.

By law the husband is bound for necessaries furnished to his wife during their cohabitation. A wife, living with her husband, in regard to such contracts as relate to necessaries for her husband's family, may be regarded as his general agent, possessed of a general and presumed authority, arising from the duty and liability of the husband to provide his wife and children with necessaries. During cohabitation, there is a presumption arising from the very circumstances of the cohabitation, of the husband's assent to contracts made by the wife for necessaries suitable to his degree and estate. *Etherington* v. *Parrott*, Salk. 118. While man and wife live together, the presumption is, until the contrary be shown, that the wife has authority to contract for necessaries. Where there is a suitable provision made for the wife, and a tradesman having notice thereof, still supplies her, the husband will not be liable. But, in such cases, the burden of proof is on the husband; if he cohabits with his wife, the obligation is on him to rebut the presumption of his liability for necessaries furnished her. Smith's Leading Cases, 306. *Holt* v. *Brien*, 4 Barn. & Ald. 252. When there is a separation between husband and wife, there is some contrariety of opinion in the books as to the liability of the husband for the wife's contracts for necessaries; some holding that he must show that the tradesman had notice, and others maintaining that, in such cases, the tradesman, at his peril, must ascertain whether circumstances exist which would warrant him in giving credit to the wife. The latter of these seems now to be the better opinion. Smith's Leading Cases, 307. The case cited from 11 Wend. 33, by the defendant, is against him, as there was notice. In the case of *Pidgin* v. *Crane*, 8 N. H. 352, mainly relied on by the defendant, there was a separation between the husband and wife, and the ques-

tion of notice was not involved. We deem the case of *Holt* v. *Brien,* 4 Barn. & Ald. 252, in point, which shows that, if the husband makes a reasonable allowance to the wife for necessaries, during his temporary absence, and a tradesman, *with notice of this,* supplies her with goods, the husband is not liable, unless the tradesman can show that the allowance was not supplied. The other judges content, judgment reversed and cause remanded.