# JOHN H. COMPTON

## v.

# EUGENE C. BATES ET AL.

1. LIABILITY OF HUSBAND FOR DEBTS CONTRACTED BY WIFE.—A husband cannot be made liable for debts contracted by his wife in his name, unless she has authority to make such contract; and a tradesman who sells goods to the wife upon the credit of her husband, takes the burden of showing such authority.

2. AUTHORITY—EXPRESS OR IMPLIED.—Such authority may be either expressed or implied. When implied authority is relied upon to create the liability, it is to be proved by the previous conduct of the parties, husband and wife, and such implied authority is not to be extended any further than the previous conduct will justify.

3. AUTHORITY TO PURCHASE NECESSARIES.—Where a husband neglects. or refuses to furnish his wife with what is necessary and suitable for her comfort in his condition in life, the law allows her to pledge his credit for such necessaries.

4. AUTHORITY IMPLIED FROM MARITAL RELATION.—If the husband and wife are living together, there is a presumption arising from that relation. that the husband assents to contracts made by the wife for necessaries suitable to his degree and estate; but this presumption is liable to be rebutted by proof that the husband had provided them, or furnished the wife with the means of providing them for herself.

5. REBUTTAL OF IMPLIED AUTHORITY.—In an action against a husband for a debt contracted by his wife in his name, it is competent for the husband to show that his purchases were made for cash, that his wife was prohibited from pledging his credit, and that he had made suitable provision for her.

6. PROOF AS TO WHAT CONSTITUTES NECESSARIES.—In such an action it is error to permit witnesses to state that, in their opinion, the goods sold were such as families in the condition in life of the defendant's usually purchased, and were suitable for the wife of the defendant. This is not a question calling for the opinion of experts.

APPEAL from the Circuit Court of Bureau county; the Hon. H. M. TRIMBLE, Judge, presiding. Opinion filed February 24, 1882.

Action by appellees to recover the price and value of certain goods sold to the wife of appellant upon his credit. The appellees are tradesmen, doing business in Princeton, and the appellant a farmer, residing at Ohio Station in the same county, about fourteen miles from Princeton.

Compton v. Bates.

On the 31st day of March, 1881, the wife of appellant, then unknown to appellees, went into their store and desired to buy some goods upon credit, and upon her name being asked, stated that she was the wife of appellant, that her husband owned a farm of over 200 acres, and that the goods would be paid for soon, and at same time gave references as to her husband's responsibility.  The appellees, acting upon this statement, sold her that day, goods amounting to $11.88, which they charged to the appellant.  April 5th she returned, and appellees then sold her a bill of goods, amounting to $137.02, consisting of various articles of female apparel, household and table linen, a carpet, etc.  The purchase of these goods was unknown to the appellant, and the same were not taken by the wife to the house of appellant, but were boxed up by her and removed to another place, from whence they were taken by her after the separation hereinafter mentioned.

The defendants offered to prove on the trial below that a short time previous to such purchases, the appellant and his wife had agreed upon a separation, and he was to pay her the sum of $2,000 in full, of all claims for future support, etc., and he was at the time of said purchase endeavoring to obtain a loan upon his farm for that amount, which he succeeded in doing, and on the 7th of April their agreement was reduced to writing, and she received said sum of $2,000, with which she departed.

He also proposed to show that he did not allow his wife to purchase goods upon his credit.  These offers of proofs were rejected by the court, and the appellant excepted.

The appellees recovering for the whole amount of their bill, and the defendant appealed.

Messrs. GIBONS & STIPP, and Mr. MILO KENDALL, for appellant; that mere cohabitation will not be sufficient evidence of authority from the husband to render him liable for goods not necessaries, cited Chitty on Contracts, *158; 1 Parsons on Contracts, 347.

The presumption of authority arising from cohabitation, may be rebutted by showing that the husband purchased the neces-

saries himself, or supplied the wife with sufficient money therefor: 1 Parsons on Contracts, 253; 2 Smith's Lead. Cas. 264; Rea v. Durkee, 25 Ill. 503.

The husband is not bound by the wife's contracts, unless they are made by his authority, or he fails to make provision for her: Martin v. Robson, 65 Ill. 129; Montague v. Benedict, 3 Barn. & Cres. 631; Montague v. Espisum, 1 Car. & P. 756; Beever v. Galloway, 11 Ill. 517.

Messrs. FARWELL & WARREN, for appellees; generally as to the authority of the wife to pledge the credit of her husband, cited 1 Parsons on Contracts, 48; Chitty on Contracts, *161; Gotts v. Clark, 78 Ill. 229.

As to the presumption of authority to purchase necessaries: 1 Parsons on Contracts, 353; Schouler's Domestic Relations, 77; Eames v. Sweetzer, 101 Mass. 78.

Upon the question of what is included in the term necessaries: 1 Parsons on Contracts, 347; 2 Smith's Lead. Cas. 439; Raynes v. Bennet, 114 Mass. 424.

What are necessaries is a question for the jury: 1 Parsons on Contracts, 347; Rea v. Durkee, 25 Ill. 503; Billings v. Pilcher, 7 B. Mon. 424.

PILLSBURY, J. The liability of the husband upon contracts made by the wife ostensibly in his name or on his behalf, depends upon the doctrine of agency.

As far back as Fitzherbert, the rule is found that "A man shall be charged in debt for the contract of his bailiff or servant, where he giveth authority to his bailiff or servant to buy and sell for him; *and so far the contract of his wife, if he giveth authority to his wife; otherwise not.*"

In the leading case of Manby v. Scott, 1 Sid. 109, it was resolved that the husband shall not be liable without his assent, which was followed by Montague v. Benedict, 3 B. & C. 631, and Seaton v. Benedict, 5 Bing. 28, where the same doctrine was announced.

The doctrine of these cases has never been shaken, but if possible has become more firmly established by the recent case

Compton v. Bates.

of Debenham v. Mellor, decided in the House of Lords in November, 1880.

Whenever, therefore, it is sought to charge the husband on a contract made by his wife, the only question is whether she had authority to make such contract. This authority may be express or implied, and a tradesman who sells goods to the wife upon the credit of the husband, in an action for the price, takes the burden of showing such express authority, or of making proof of such facts and circumstances as will establish such authority by implication. When implied authority is relied upon to create the liability, it is to be proved, as in the other cases, by the previous conduct of the parties, husband and wife, and in such case the implied authority of the wife is not to be extended any further than such previous conduct will justify. Meredith v. Footner, 11 M. & W. 202, as an implied agency is never construed to extend beyond the obvious purposes for which it is apparently created. If a husband should permit his wife to assume authority to pledge his credit, and should recognize his liability by paying the debt thus created, the law would imply in favor of the same creditor, in cases of other purchases of like character, that she had power to bind him to the extent of this apparent authority. The implied authority that we have thus noticed is established in cases where the wife is the agent by proof of the same facts as would create it if any other person acted as the agent.

But under certain circumstances the law implies authority in the wife to bind the husband that can not exist as to other persons. Where a husband neglects or refuses to furnish his wife with what is necessary and suitable for her decency and comfort in his condition in life, the law allows her to pledge his credit for such necessaries.

This implied authority arises wholly out of the marital relation, it being an obligation cast upon him by the law to provide his wife with such necessaries, and this obligation the law will enforce, regardless of his non-consent to the contract of the wife in providing herself such necessaries upon his credit. The misconduct of the husband is the basis of *this* legal implication of power, and the misconduct in this regard being

shown, the law itself creates the wife the agent of the husband, to pledge his credit for such necessaries. But the husband may dispute the alleged fact of misconduct, and destroy the presumed agency in law, by showing that he has fulfilled his marital obligation in that respect, by furnishing his wife with such necessaries as were suitable to their condition in life, and his estate would permit.

And when this appears, no liability attaches to the husband, arising out of the necessities of the case, and the party seeking to establish a liability upon his part, is remitted to his proofs of an authority in fact.

In regard to the proof of this authority in the wife, the books state the rule generally to be, that if the husband and wife are living together, there is a presumption arising out of the circumstances of cohabitation that the husband assents to contracts made by the wife for necessaries suitable to his degree and estate; but this presumption, it is apprehended, can be rebutted by proof that the husband had provided them, or furnished the wife with the means of providing them for herself.

Now, in regard to the right of the husband to prohibit his wife from making purchases upon his credit.

In Debenham v. Mellor, *supra*, it was held that where the husband had forbidden his wife to pledge his credit, and had made her an allowance sufficient for the purchase of necessaries for her use, the husband was not liable to a tradesman who had sold the wife such necessaries, although the tradesman was ignorant of such prohibition upon the part of the husband, and that in such case cohabitation did not create an authority in law in the wife to purchase necessaries even, upon her husband's credit.

This decision was made after an examination of the English authorities, and Lord Selborne says, in delivering the opinion, that the doctrine therein stated is not repugnant to the older cases.

To the same effect is the case of Clark v. Cox, 32 Mich. 204. The rule deducible from the authorities appears to be, that if the husband does not allow his wife to pledge his credit, and has

not, by any conduct of his, led the tradesman to suppose she had authority to so pledge his credit, he can not be made liable upon any contract of the wife, except where he has neglected or refused to fulfil his marital obligation to supply his wife with necessaries suitable for her in their condition of life, having a due regard to the estate and degree of the husband, including his income derived therefrom, and even in case of an alleged sale of such necessaries, the tradesman sells at the peril of having the husband show in defense, that his wife was already sufficiently supplied, or that she had a sufficient allowance from him to supply them for herself.

The husband, therefore, is at liberty to overcome the presumption of agency in the wife, arising from cohabitation, in the one case by showing that the wife was not authorized in fact to bind him by pledging his credit, and in the other, that there were no such facts arising from the alleged necessities of the wife as would in the law allow her to purchase without his assent. Jolly v. Rees, 15 C. B. N. S. 628; Debenham v. Mellor, *supra.*

Now in the case at bar the appellees in selling the goods to the wife, upon the credit of appellant, were not deceived by any appearance of any authority upon her part, induced or acquiesced in by the appellant. They took her word that she was the wife of the appellant, and that her husband would soon pay for the goods. They run the risk of being able to establish the husband's liability.

If then under such circumstances the husband can show that he had not permitted his wife to pledge his credit, that in fact she had no authority from him to do so, and that he had already supplied his wife with all such articles necessary and suitable for her as his means would permit, what principle of law can be invoked that will stop him from so proving?

It may be said the appellees did not know that he did not permit his wife to run him in debt; neither did they know she had not been forbidden to do so; nor were they acquainted with the circumstances, that in the opinion of the appellant, rendered such prohibition necessary. A husband certainly has the right to purchase the necessaries for his family by paying

the cash, and if he does so, neither his wife nor any one else has a right to run him in debt without his consent.

The court below therefore should have allowed the appellant to prove, if he could, that his purchases were made for cash, and that his wife was prohibited from pledging his credit, and further that he had made suitable provision for her, and in not doing so, error was committed.

The court below permitted witnesses to state as their opinion that the goods sold were such as families in the condition of life of appellant's usually purchased, and were suitable for the wife of appellant.

This evidence did not tend to show what was proper for the wife to purchase or wear, and was calculated to mislead the jury.   Raynes v. Bennett, 114 Mass. 424.

This was not a question calling for the opinion of experts, and should not have been made so.

The first instruction given for the plaintiffs is as follows:

1st.   That when goods necessary and suitable to the position in life of a wife living with her husband, are sold to her on the credit of her husband, and charged to him, a jury will be justified in finding that the wife is the agent of the husband to make the purchases, and in this case, if you believe from the evidence that the goods for the price of which this suit is brought, were furnished by the plaintiffs to the wife of the defendant while she was residing with him, and that they were of a character necessary and suitable to the position in life of the wife, then the defendant is liable to pay for the same, unless you further believe from the evidence that the defendant had forbidden the plaintiffs to sell goods to her on his credit.

By this instruction the liability is made absolute, if he was living with his wife, and the goods were of a *character* suitable and necessary to the position in life of the wife, unless the husband had forbidden them to trust her on his credit.   This is too broad a statement of the law.   By this instruction cohabitation is made conclusive evidence of the authority of the wife to purchase goods of the character named, and practically excludes from the jury the consideration of all the evidence in the case, of which there is considerable, tending to show that he had provided his wife with such necessaries

Compton v. Bates.

Cohabitation, as we have seen, is but presumptive evidence that the ultimate fact, the authority of the wife, existed, and is not conclusive.

Again, this instruction only requires the goods purchased to be of a *character* necessary and suitable to the position in life of the wife. If, as it would seem, this instruction was intended to state the rule of the liability of the husband growing out of the necessities of the wife, then it extends the liability of the husband beyond what we had supposed it to be. If the wife has been provided with necessaries suitable to the condition in life of the parties and the estate of the husband, then, as we have seen, the husband is not liable for other goods that may be purchased by the wife, although of the same *character* of necessaries. To make him liable upon this ground, the goods actually purchased must be needed by the wife for her present use. Besides, the jury, by this instruction, were to determine whether the goods were necessary and suitable by the standard alone of the wife's position in life. It was held in Manby v. Scott, *supra*, that " the estate and degree of the husband" should be considered upon this question, a rule which has not, so far as we are advised, ever been departed from.

In our opinion, the third of the appellee's instructions should not have been given. It is quite evident that these goods were not bought by the wife to be used in the family, neither were they used by the family, and were therefore, in no respect, expenses of the family. She bought them in contemplation of a separation from her family, and for her own use after she had ceased to be a member of the family; and while such fact may not defeat the appellees, if they can show under the law an authority, either expressed or implied, to make the purchase, it is clear to us in this case that the cost thereof can in no sense be held to be family expenses. In our opinion, the statute, so far as the husband is concerned, is but declaratory of the common law, neither enlarging or diminishing his liability; but in this case, under the undisputed evidence, it is not necessary to adjudge that point. Whether the articles purchased came within the class of necessaries, we think, under the later authorities, is a question for the jury under proper instructions from the court.

Other questions are raised in this case, upon the instructions given for the appellees, and upon the action of the court in refusing those asked by the appellant, but to notice them in detail would extend our remarks to an undue length, and serve no useful purpose.

What we have said indicates our views of the law arising in this case, and upon another trial the court will cause the instructions to conform thereto.

For the reasons stated the judgment will be reversed and the cause remanded.

Judgment reversed.