LEWIS J. EAMES & another *vs.* OLIVER H. SWEETSER & trustee.

A tradesman can recover against a husband for necessaries supplied to his wife, though he had no knowledge of the circumstances of the husband or the necessities of the wife, and at the same time supplied her with articles which were not necessaries.

CONTRACT to recover the price of goods sold and delivered by the plaintiffs to the wife of the defendant for her own clothing. A savings bank was summoned as trustee.

The case was tried in the superior court before *Lord,* J., who made the following report: "It was agreed that the defendant and his wife were married on October 18, 1865, and had since resided in Lowell as husband and wife up to the day of the sale of the goods sued for. The sale and delivery were admitted. It was agreed that the goods were purchased by the wife without the previous knowledge or the subsequent consent or ratification of her husband. One of the plaintiffs testified that the wife came to his shop in company with another lady and brought a deposit book showing the deposit of money by the defendant, disclosed by the trustee in this action, being $195, and that he sold her the goods on the strength of the deposit, (but not till he had been to the bank and. made inquiry and found that the deposit was actually there,) and at her request

Eames & another *v.* Sweetser & trustee.

directed them to Manchester, and left them at the express office to be sent by express, she saying that she was going to Manchester to visit her sister and wanted the goods sent there. It appeared also that she went to Manchester and never afterwards lived with her husband, he· refusing to see her on her return.

" The plaintiffs then offered to prove that, at the time of the marriage, the defendant's wife brought to the defendant between six hundred and seven hundred dollars, which the defendant took into his possession and controlled as his own, and purchased all his furniture with, and that the amount disclosed by the trustee in this action was a part of the said sum deposited by the defendant in his own name, and, with the furniture, was all the property which the defendant or his wife had; that the defendant was a machinist by occupation, and was earning two dollars per day, and also took boarders, which produced some income; that between the marriage and the date of the purchase of the goods, and since the purchase, the defendant had not purchased or provided any clothing whatever for his wife, nor furnished her with any money for that purpose, but had always refused to procure her any clothing or to allow her to do so; that she, before and at the time of the purchase, was very destitute of clothing of all kinds, and extremely meanly clad for one in her station in life, not having sufficient for warmth, and was unable to go upon the street or elsewhere out of her house without borrowing clothing to enable her to be comfortable and to appear decent; that all the goods were intended by the wife for clothing for herself, and were all used for that purpose by her, and consisted in part of two silk dresses, one thibet dress, one poplin dress, one cashmere dress, and two calico dresses, two balmorals for two skirts, goods for trimming the dresses, and cotton cloth for underclothing; and that the goods were respectively in quality such as are suitable and proper for a person in the same station in life and possessed of like resources with the defendant and his wife. The plaintiffs did not know the defendant, and had no knowledge of his circumstances or the necessities of the wife.

" Upon the foregoing facts and offers of evidence the court ruled, against the plaintiffs' request, that the plaintiffs could not maintain their action, and instructed the jury to return a verdict for the defendant. The jury found for the defendant."

*G. Stevens*, for the plaintiffs. The question whether the goods were necessaries should have been left to the jury, who would have been justified in finding the whole of them so. Even if the quantity of goods purchased was excessive, the jury had a right to find that some of them were necessaries, and the defendant would be liable *pro tanto. Earle* v. *Reed*, 10 Met. 388. *Parish* v. *Stone*, 14 Pick. 198. *Harrington* v. *Stratton*, 22 Pick. 510, 516. *Merriam* v. *Cunningham*, 11 Cush. 40. *Swift* v. *Bennett*, 10 Cush. 436. *Davis* v. *Caldwell*, 12 Cush. 512. *Calkins* v. *Long*, 22 Barb. 97. *Peters* v. *Fleming*, 6 M. & W. 412.

*A. R. Brown*, for the defendant. The quantity and kinds of goods were not such as the plaintiffs could reasonably suppose to be proper for the wife's condition in life, or to be necessaries. The circumstances attending the purchase, and the number of dresses purchased, exclude the presumption of an implied authority on the part of the husband. Where a tradesman takes no pains to ascertain whether the necessity exists or not, he supplies the articles at his peril. *Montague* v. *Benedict*, 3 B. & C. 631.

Hoar, J. There was no evidence at the trial, so far as the report shows, that the wife, at the time she purchased the goods for which the plaintiffs seek to charge her husband, had eloped, or been guilty of any misconduct which affected her rights. She was about to visit her sister, and there is nothing to show that this was improper for her to do. When she returned, her husband refused to receive her ; but for what reason does not appear.

We have then the well settled and elementary rule of law, that, if a husband refuses or neglects to supply his wife with what is necessary for decency and comfort in his condition in life, he gives her credit to procure it for herself on his account and at his charge. The report states that the plaintiffs had no knowledge of the circumstances of the husband, or the necessi-

ties of the wife. That is immaterial. The burden of proof is upon them to show facts which create the defendant's liability. If they sold goods upon his credit without his express authority, they took the risk of being able to prove an authority by implication of law. If they sold the wife more or other goods than her necessities required, they cannot recover of the husband for those. But their selling some goods to her which the husband did not, by his acts or omissions, authorize them to sell to her, will not prevent their recovering for those which were lawfully sold on his credit.

As there was evidence that the wife was in need of clothing which her husband refused to furnish, and that clothing was supplied to her upon the husband's credit, the case should be submitted to a jury to determine how much of it was necessary and suitable for her condition in life. *New trial granted.*