JOSEPH RAYNES & another *vs.* JAMES W. BENNETT.

In an action against a husband for jewelry purchased by his wife, evidence that the articles
were such as women usually wore who dressed as the wife did, is not admissible to show
that they were necessaries; but evidence that the husband wore diamonds and kept a
fast horse is admissible for that purpose; and so is evidence that he had paid for silk
dresses bought by her.

The testimony of a wife as to conversations had by her with her husband, when they were
alone, is inadmissible against him.

Evidence of the amount of the tax for which a man is assessed, although he pays it, is inad-
missible against him to show his condition in life, in a suit for the price of goods furnished
his wife as necessaries.

To maintain an action against a husband for articles sold his wife without his authority,
while they are living together, it must appear that he neglected her suitable support, and
that the goods were reasonably necessary, having regard to his condition in life ; and
whether articles not wholly ornamental, bought for her personal use, are necessaries, is for
the jury ; and it cannot be ruled as matter of law that two gold chains, a gold locket,
and a gold watch are not necessaries.

CONTRACT upon an account annexed to recover $175.50, for
goods sold and delivered, as follows : March 10, 1871, one gold
chain, $15.00 ; March 10, 1871, one gold locket, $10.50 ; May 6,
1871, one gold watch-chain, $60.00 ; May 9, 1871, one gold
watch $90.00.

At the trial in the Superior Court, before *Rockwell,* J., it ap-
peared that the plaintiffs were jewellers ; that the defendant was
a carpenter and roofer, and that the jewelry was sold to the de-
fendant's wife. The defence relied upon was that the goods
were bought without the knowledge or authority of the husband
and that they were not necessaries.

The defendant asked the court to rule that the articles did not come within the class of necessaries, and. that the question for the jury was whether they were purchased by the authority of the husband ; but the court declined so to rule, and ruled that the question whether the goods were within the class of necessaries, and whether they were necessary for the wife of a man in the defendant's condition and circumstances, were questions for the jury.

The court allowed the plaintiffs, against the defendant's objection, to ask this question of one of the witnesses who was employed by the plaintiffs in their store : " Were these articles [the articles, the price of which was sued for] such as ladies, who dressed as the defendant's wife did, usually wear ? " to which the witness answered, " They were."

It appeared that the defendant's wife, May 9, 1871, left the defendant without his knowledge or consent, and took all the furniture of the defendant from his house in his absence, and that she had never returned to him, though they had met and conversed and had several times since. corresponded by letter.   It did not appear that she left because of any fault of the husband.

The court allowed the plaintiffs' witnesses, against the defendant's objection, to testify that he wore diamonds, and kept a fast horse.

The defendant's wife was introduced as a witness for the plaintiffs, and was permitted to testify, against the defendant's objection, as to conversations about buying goods at the plaintiffs' store between her husband and herself, had when they were alone. This testimony, which was allowed only upon the question, whether the defendant had authorized her to purchase the goods upon his credit, was as follows.   The plaintiffs asked the wife : " Had you been in the habit of purchasing goods there ? "   She answered, " At one time my husband told me I could go and buy goods there."   Question. " What was the conversation between you and your husband, about your buying goods at plaintiffs' store ? "   This question was objected to and the objection overruled.   The answer was, " I don't remember, only he told me at one time I could get spoons and things there."

The plaintiffs were allowed to show by the cross-examination of the defendant, that he had, since his wife left home, paid for silk dresses which were bought during a period of three years before his wife left him, at other stores than the plaintiffs', some of which were bought with and some without his consent, and which he contended were not necessaries, and which he testified he paid for rather than have an unpleasant exposure of his family.

The plaintiffs called the city treasurer of Lowell with his record, for the purpose of showing, by the records only, the amount of property for which defendant was assessed by the assessors of Lowell, although they did not contend that the defendant assented to the assessment in any way other than by paying his tax, for the purpose of showing that the articles sued for were necessaries ; and the evidence was admitted by the court against the defendant's objections.

The defendant offered testimony to show that his wife, on the day she left him, and immediately before, tried to purchase, and did, in several places, purchase on his credit a large quantity of dress goods, personal ornaments, and furniture, amounting in all to $600 or $700 ; that the goods and ornaments were deposited in trunks which she purchased, and were carried out of Lowell ; that it was all done without his knowledge and consent ; that such purchases were unnecessary ; and that it was done with a view of wrongfully leaving him, and to obtain as much property as possible from him, and that the goods sued for were purchased with the same intent and view and were a part of the same transaction, and that none of them were, or were designed by her to be, worn in his society. The court ruled the evidence incompetent and excluded it.

The jury found a verdict for the plaintiffs for $85.50, and the defendant alleged exceptions.

*G. Stevens & W. H. Anderson*, for the defendant.

*C. A. F. Swan*, for the plaintiffs.

MORTON, J. Numerous exceptions were taken at the trial, some of which must be sustained.

1. The evidence that the articles sued for were such as women who dressed as the defendant's wife did, usually wear, was inad

missible. It furnished no test of what it was proper for her to wear, and tended to mislead the jury.

2. The testimony of the wife as to conversations between herself and her husband when alone was inadmissible by the common law, and our statutes have not changed the law in this respect. *Dexter* v. *Booth*, 2 Allen, 559.

3. The record of the city treasurer, showing the amount of property for which the defendant was assessed, was not admissible, even connected with the evidence that he had paid the taxes assessed. The appraisal and assessment were the acts of third parties, and the payment of the taxes assessed is not of itself an admission of their correctness. *Flint* v. *Flint*, 6 Allen, 34. *Kenerson* v. *Henry*, 101 Mass. 152. *Commonwealth* v. *Heffron*, 102 Mass. 148.

4. The fact that the defendant wore diamonds and kept a fast horse was competent, having some tendency to show his means and station in life.

5. The fact that the defendant had paid for silk dresses bought by his wife upon his credit, had some bearing upon the issue of the authority which he had given her to make purchases, and upon the question of his means and station in life, and was rightly admitted.

6. As there must be a new trial upon the grounds stated above, we have not considered the ruling rejecting testimony offered by the defendant to show that his wife, on the day she left him, made large purchases on his credit. The facts are not stated with sufficient fulness to show the grounds of the ruling or the precise question intended to be raised, and any discussion would be speculative rather than practical.

7. One other question arose at the trial, which, as it will arise at a new trial, should be considered. The defendant asked the court to rule that the articles sued for did not come within the class of necessaries, but the court declined so to rule, and did rule that the question whether the goods were within the class of necessaries, and whether they were necessary for the wife of a man in the defendant's condition and circumstances, were questions for the jury.

The goods sued for were a gold chain and gold locket, sold in March, 1871, and a gold chain and gold watch sold in May, 1871. At the time the goods were sold, the husband and wife were living together. If a person sells goods to a wife who is living with her husband, he can hold the husband liable for them, either by proof that he, expressly or impliedly, authorized the purchase, or by proof that he refused or neglected to provide a suitable support for the wife, and that the goods sold were necessaries. In the case at bar the plaintiffs contended that the goods sold were necessary for the wife, and that the husband therefore was liable for them, although he gave his wife no authority, express or implied, to purchase them.

Upon this ground the burden of proof was upon them to show that the husband refused or neglected to supply the wife with what was necessary for decency and comfort in his condition of life, and that the goods sold were such as the reasonable necessities of the wife. required her to have. *Eames* v. *Sweetser*, 101 Mass. 78.

In such a case the ground of the liability of the husband is, that it is his duty to make suitable provision for his wife, and if he neglects to do so, she has the right to procure upon his credit such necessaries as it is his duty to supply to her. *Hall* v. *Weir*, 1 Allen, 261. *Cunningham* v. *Reardon*, 98 Mass. 538.

The question whether the articles sued for fall within the class of necessaries is often one of some difficulty. In some cases it is undoubtedly the duty of the court to rule as matter of law that certain articles do not come within the class of necessaries for which a wife may pledge the credit of her husband without his consent : thus a stock of goods sold for purposes of trade, or materials for building a house, or other articles not required or appropriated for her comfortable support, would not be necessaries within the meaning of this rule of law. *Merriam* v. *Cunningham*, 11 Cush. 40. *Tupper* v. *Cadwell*, 12 Met. 559.

But when the goods are bought by the wife for her personal use, and are articles of utility and not mere ornaments, we think that the question whether they are necessaries is a question of act for the jury.

In *Davis* v. *Caldwell*, 12 Cush. 512, in which the question was whether certain articles sold to a minor were necessaries, Shaw, C. J., says, "We think this is the true view of the law on this subject, that whether the articles sued for were necessaries or not, is a question of fact, to be submitted to a jury, unless in a very clear case, when a judge would be warranted in directing a jury authoritatively, that some articles, as for instance, diamonds or race horses, cannot be necessaries for any minor." The same question was considered in *Peters* v. *Fleming*, 6 M. & W. 42, and it was held that it was a question for the jury whether a watch and chain were necessaries for a minor.

In *Hunt* v. *De Blaquiere*, 5 Bing. 550, it was held that it was a question for the jury whether articles of household furniture were necessaries for a wife living apart from her husband.

As a general rule the term "necessaries," applied to a wife, is not confined to articles of food or clothing required to sustain life, or preserve decency, but includes such articles of utility as are suitable to maintain her according to the estate and degree of her husband. 2 Smith Lead. Cas. (6th ed.) 439.

We cannot say, as matter of law, that the articles sued for in this case cannot, under any circumstances, be necessaries for a wife, and therefore are of opinion, that the question must be submitted to the jury, to determine whether they are, in whole or in part, necessaries, under such circumstances as may be proved at the trial.          *Exceptions sustained.*