INHABITANTS OF STURBRIDGE *vs.* BENJAMIN H. FRANKLIN.

Worcester.    October 4, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Pauper — Husband and Wife — Burden of Proof — Divorce — Justifiable Cause for Living apart — Evidence.*

In an action by a town against a husband for support furnished to his wife as a pauper while she is living apart from him, the burden is on the plaintiff to prove that she is so living apart for justifiable cause.

The commencement of proceedings for a divorce by a husband against his wife on the ground of her cruelty towards him will not of itself alone justify her in leaving his house and enable her to carry his credit with her, if he is willing to provide proper support for her there.

In an action by a town against a husband for support furnished to his wife as a pauper while she is living apart from him, evidence of the judgment in a suit for divorce brought by the husband against the wife is rightly excluded.

In an action by a town against a husband for support furnished to his wife as a pauper while she was living apart from him, it appeared that the marriage of the parties occurred a little more than a year before the separation; and there was evidence of a lack of harmony between them almost from the time of the marriage. Evidence was admitted, against the plaintiff's objection, in regard to the relations between them shortly before their marriage, and to the wife's conduct and conversations in reference to the proposed marriage. *Held,* that it could not be said that there was error in admitting this evidence.

KNOWLTON, J.    This is an action at common law, brought by a town, which has been obliged to pay for aid furnished to a woman as a pauper, against her husband, to recover from him the amount so paid.

The liability of a husband under such circumstances depends upon the same facts as his liability for necessaries furnished by an individual for the support of his wife while she is living apart from him. If she is living away from him with his consent, or for a justifiable cause, he is chargeable with her support, whether necessaries are furnished her by an individual on her application, or by a city or town under the laws for relief of paupers. *New Bedford* v. *Chace,* 5 Gray, 28. *Monson* v. *Williams,* 6 Gray, 416. *Mayhew* v. *Thayer,* 8 Gray, 172. *Brookfield* v. *Allen,* 6 Allen, 585.

The plaintiff town contends, in support of its second request for a ruling, that it is enough if upon the whole case the person

relieved is shown to have been the defendant's wife, and that the burden is upon the defendant to prove that she was living apart from him under such circumstances as to exempt him from liability for her support. But it is a part of the plaintiff's case to show affirmatively that the defendant is liable, and the burden is upon the plaintiff to satisfy the court that her absence was such as would enable her to use her husband's credit. *Eames* v. *Sweetser*, 101 Mass. 78, 81. *Raynes* v. *Bennett*, 114 Mass. 424, 427. The plaintiff's first request for a ruling has not been argued, and we treat it as waived. The third request is founded on assumptions of fact which are shown by the finding to have been erroneous. The legal proposition involved relates chiefly to the burden of proof, which we have already considered.*

The other ruling in regard to the disposition of the case upon the evidence was, " that the commencement of divorce proceedings by the defendant under the circumstances was not such conduct as justified the wife in leaving." This ruling is made to depend on the facts of the case. There had been altercations and quarrels between the parties, in regard to which the evidence was conflicting. There was evidence of a cruel and unjustifiable assault made by the wife upon the husband eight days before the libel for divorce was filed. This evidence was contradicted. There was evidence that the husband furnished provisions for her in his own house, and informed her that she could get others at a store where he had credit. There was a dispute at the trial as to the extent and adequacy of the provision so made for supplying her wants. In regard to all these matters the judge found, at least negatively, in favor of the husband. He found that there was no such cruelty or abuse by the husband, and no such neglect or failure to provide for her support, as would justify her in leaving his house. These are findings on matters of

---

* The second and third requests for rulings were as follows :

" 2. In this case, the burden of proof is on the defendant to show that he was relieved from the obligation to support his wife through her misconduct.

" 3. Inasmuch as it appears by the pleadings and evidence that at the time the aid was furnished the defendant was neither providing for his wife nor offering to do so, but was prosecuting a libel for the dissolution of marriage, the plaintiff is entitled to recover the expenses incurred for her relief as a pauper, unless the defendant shall prove by a fair preponderance of the evidence that he was justified in his position towards her by her misconduct."

fact which we cannot revise on this bill of exceptions.    We are left, therefore, with the naked question whether the commencement of proceedings for a divorce by a husband against his wife on the ground of her cruelty towards him will of itself alone justify her in leaving his house, and enable her to carry his credit with her, if he is willing to provide proper support for her there.    We have been referred to no case in which this question has been answered affirmatively.    We are of opinion that the commencement of such a suit under circumstances which the judge may have found to exist in this case will not justify a wife in leaving her husband's house and asking for support on his credit elsewhere.    The commencement of such a suit under other circumstances, which might have been found from the evidence in this case, might furnish a complete justification for her leaving him.    We discover no error of law in this ruling.

The evidence of the judgment in the divorce suit was rightly excluded.    In the first place, the litigation was not between the same parties, nor was there any privity between the wife defending a suit for a divorce and the town suing for support furnished while she was living apart from her husband.    In both cases some of the same facts were involved, but it creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts. The judgment was not competent as establishing a status on which the rights of either of the parties depend.    The questions arising on this exception are discussed and decided in *Burlen* v. *Shannon*, 3 Gray, 387.

The only remaining exception is to the admission of evidence in regard to the relations between the husband and wife shortly before their marriage, and to the wife's conduct and conversations in reference to the proposed marriage.    We cannot say, as matter of law, that these were too remote in point of time.    The marriage occurred a little more than a year before the separation, and there was evidence of a lack of harmony between them almost from the time of the marriage.    It is obvious that Mrs. Franklin's declarations could not be introduced to show the truth of what she said, and we do not suppose the testimony was received for that purpose ; but the plaintiff's contention is, in effect, that nothing which she said or did could be competent as

indicating her state of mind, or her purposes in reference to the marriage, in such a way as to throw light on the conduct of the parties in altercations which commenced soon after. We are not prepared to go to this length. The bill of exceptions does not show what the evidence was, and we cannot say that there might not have been something said or done which would be competent as showing her state of mind in reference to a subject which subsequently became a matter for investigation. *Commonwealth* v. *Trefethen*, 157 Mass. 180. *Viles* v. *Waltham*, 157 Mass. 542. We discover no error in this part of the case.

*Exceptions overruled.*

*F. P. Goulding*, for the plaintiff.

*W, S. B. Hopkins*, (*A. J. Bartholomew* with him,) for the defendant.