JORDAN MARSH COMPANY *vs.* OSCAR HEDTLER.

Suffolk.     November 15, 1920. — March 4, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Agency*, Existence of relation, Ratification.     *Contract*, Implied.     *Husband and Wife.*

A merchant during a period of three months furnished one scarf, one book, one table, four set saucepans and one fur coat to a woman, and at her request charged them to the account of a man whom she alleged to be her husband. She had gone through a form of marriage with the man about two months previous to the earliest purchase and they then lived together as man and wife in a housekeeping apartment until the day after the purchase of the fur coat, she assisting him in his business and he introducing her to his friends as his wife and supposing her to be so. At that time he was worth from $8,000 to $10,000. No express authority for the purchase was given by the man. Upon his inquiry, he heard of the purchases on the day of the last sale and immediately orally and by letter "instructed" the merchant "not to give any further credit to my wife," naming her. Subsequently the man procured a decree of annulment of the marriage on the ground that she was married when she went through the ceremony with him. In an action by the merchant against the man for the purchase price of the goods, upon an exception by the plaintiff to a ruling ordering a verdict for the defendant, it was *held*, that

(1) A finding was warranted that the defendant impliedly authorized the woman as his agent to purchase necessaries for herself and the household on the defendant's credit in accordance with the ordinary practice of married people;

(2) A finding was warranted that, by his letter following his hearing of the purchases, the defendant ratified such agency;

(3) A finding was warranted that the goods purchased were, in view of the evidence as to the defendant's means, necessaries in the legal sense;

(4) The questions, whether the defendant was in default in not supplying the woman with money to buy clothing, and whether these were supplied on his credit, were for the jury;

(5) The case should have been submitted to the jury.

CONTRACT "for necessaries," for $213.50 and interest upon an account annexed for the purchase price of one scarf, one book, one table, four set saucepans, alleged to have been sold in November, 1917, and one coat alleged to have been sold in January, 1918. Writ dated April 23, 1918.

In the Superior Court the action was tried before *Fosdick*, J. The defendant, called by the plaintiff, testified that he was worth from $8,000 to $10,000 at the time of the sales in question. The testimony of the plaintiff's credit manager as to the notice of the defendant to the plaintiff not to extend "Winifred B. Hedtler" further credit, referred to in the opinion, was as follows: On January 2, 1918, the defendant called the witness on the telephone. "He asked if we had an account in his name. I looked it up and found that we had, and told him so. He asked us not to extend any further credit, and I asked him to confirm that in writing, which he did the day following, the following morning, I think." The letter of confirmation, which was dated January 2, read as follows: "Confirming telephone conversation, I instructed you not to give any further credit to my wife, Winifred B. Hedtler."

Other material evidence is described in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. B. Zuckernik*, for the plaintiff.

*H. A. Buck*, for the defendant.

DE COURCY, J. There was evidence tending to prove the following facts: The defendant and "Winefred" B. Washburne (hereinafter called Mrs. Hedtler) went through the form of marriage on September 12, 1917. Thereafter until January 3, 1918, they lived together as husband and wife in Winchester, in a housekeeping apartment; she assisted him in his automobile supply business; and he introduced her to his friends as his wife. On November 8, Mrs. Hedtler made an application to the plaintiff for credit, and gave references as to Mr. Hedtler's financial ability. The credit

manager made investigations looking up Hedtler's real estate, and making inquiries of the Winchester Trust Company, where he did business. During that month Mrs. Hedtler purchased from the plaintiff a scarf, book, table and four set saucepans, all of the value of $13.50; and on January 2, 1918, a fur coat, valued at $200. On the plaintiff's books the account was charged to the defendant. On January 3, Mr. and Mrs. Hedtler separated and she removed practically all the household goods, which belonged to her. In September the defendant petitioned for an annulment of said marriage, on the ground that she had a husband living at the time; and a decree of nullity was entered.

Marriage imposes on the husband the general legal duty of supporting his wife; and if he neglects or refuses to supply her with what is necessary for decency and comfort in his condition in life, he is liable to third persons who furnish her with such necessaries. *Eames* v. *Sweetser,* 101 Mass. 78. That liability need not be based on the wife's agency. It may exist even against the husband's will, or after any agency would have ended with the death of the wife. *Cunningham* v. *Reardon,* 98 Mass 538. *Alley* v. *Winn,* 134 Mass. 77, 79. In the present case, however, this legal liability resulting from the marital relation has no application, because there was no valid marriage; and the plaintiff has not shown that the defendant estopped himself in this case from denying that Mrs. Hedtler was his lawful wife. See Ann. Cas. 1913 A 236 note; 1913 D 1062 note. The only ground of liability on which the plaintiff can recover in this case is that of agency. We are of opinion however, that there was evidence entitling the plaintiff to go to the jury on the ground of implied agency and of ratification. It could be found that the defendant by cohabiting with Mrs. Hedtler and holding her out to the community as his wife, impliedly authorized her as his agent to purchase the necessaries for herself and the household, in accordance with the ordinary practice of married people. And there was also evidence of his ratification of her agency when the defendant, on being notified of the purchase of the fur coat, did not deny his liability, but wrote to the plaintiff on January 2, 1918, instructing it "not to give any further credit to my wife, Winifred B. Hedtler."

Some of the articles sued for manifestly fall within the class of

necessaries. Even as to the fur coat, in view of the evidence as to the defendant's means, and the situation of the parties, we think it was for the jury to say whether it was necessary in the legal sense. *Raynes* v. *Bennett*, 114 Mass. 424. *Conant* v. *Burnham*, 133 Mass. 503. The question whether the defendant was in default in failing to supply her with money to buy clothes, and whether these goods were supplied on his credit, were also for the jury to determine. *Dolan* v. *Brooks*, 168 Mass. 350. Ann. Cas. 1915 A 3 note.

*Exceptions sustained.*