JORDAN MARSH COMPANY *vs.* DAVIS H. COHEN.

Suffolk.    March 23, 1922. — June 30, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Contract,* Implied, For necessaries of life, Validity. *Husband and Wife. Practice, Civil,* Report, Discretionary refusal to take case from jury on ground of mistrial, Exceptions. *Words,* "Necessaries."

A man who leaves and remains away from his wife and children is under a legal obligation to supply them with whatever is necessary for their support and comfort in the station and condition in life in which he lives, and, if he neglects or refuses to make such provision, his wife by law has a right to buy such goods as he ought to have bought if he had performed that obligation and to pledge his credit for their payment and the person from whom the goods are purchased may maintain an action against him for the purchase price of the goods without proving that he has abandoned his wife and children or that there has been a separation by mutual consent without adequate provision for their maintenance.

At the trial of an action of the character above described, for a balance of $1,360 due upon the purchase price of goods, mostly composed of household goods and furniture, it appeared that the defendant had left his wife and three boys, twins sixteen and one eight years of age, that some of the furniture then in the house had been in use for sixteen years, that he at first paid the wife $55 and later $75 per week for the support of herself and family, that he had $75,000 invested in his business, and $32,500 in cash, and also that he had some investments in mines.  He testified that his income was approximately $10,000 and that "he did a business of a quarter of a million dollars."  *Held,* that the questions, whether the defendant had made adequate provision for the support of his wife and children suitable to her station in life according to his means, and whether the household goods purchased by her from the plaintiff were reasonably necessary, were questions of fact for the jury to determine upon all the evidence.

The plaintiff in the action above described was not precluded from recovering because the wife had agreed to accept a certain amount for her support and not to pledge her husband's credit.

A refusal by the trial judge to take the action above described from the jury because the plaintiff's counsel asked of a witness whether, so far as he knew, "the trouble between" the husband and wife was "because of some woman," the question being unanswered, was not error.

A case is properly before this court under G. L. c. 231, § 111, upon a report by the judge before whom it was tried, made after the defendant had duly filed a bill

of exceptions, had presented it, amended and assented to by both parties, to the judge shortly before the expiration of the time allowed for allowance under Rule 54 of the Superior Court (1915) and the judge had omitted to act upon it until the expiration of the time limited by that rule so that the exceptions had been dismissed under the rule.

CONTRACT upon an account annexed for $1,360.53 and interest. Writ dated January 13, 1920.

In the Superior Court the action was tried before *Hammond,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict for him be ordered. The motion was denied. He then asked for the following rulings:

"1. It is only in cases of necessity that the law constitutes the wife as his agent with authority to pledge his credit.

"2. A wife has no authority to purchase on her husband's credit such clothing or other household goods as she deems suitable and proper, for the wife must show that the husband failed to furnish her with household necessaries and clothing suitable to her station in life, and if she does not sustain the burden of proving the husband's neglect so to do, she cannot bind the husband by trying to pledge his credit, and consequently the plaintiff cannot recover.

"3. If the plaintiff charged the household articles and other things enumerated in the account annexed of their declaration, which forms the basis of this action, to Mrs. Davis H. Cohen, the plaintiff could not later attempt to charge the defendant, Davis H. Cohen, for these goods, and the jury should accordingly enter their verdict for the defendant, Davis H. Cohen.

"4. If the jury finds that the articles enumerated in the plaintiff's declaration and account annexed were necessary to her station in life, she could not pledge her husband's credit unless the jury further find that he had refused or neglected to provide his wife suitable necessaries according to her station in life."

Except as given in the charge, the rulings were refused. The judge charged the jury, in part, in substance as follows:

"When a husband leaves his home, his wife and his children and allows the children to remain with his wife, he is under the obligation to supply his wife and children with whatever is necessary for their decency and comfort in the station and condition of life in which the husband lives. That is an obligation which grows out of the general obligation of a husband towards his wife

and his children.  The husband, leaving his wife and his children, was under an obligation such as I have described to you to make adequate provision for his wife and children, and if he neglects and refuses to make such provision, then his wife has by law a right to buy such goods as he ought to have bought if he had performed that obligation, and charge them to him.  And under those circumstances a tradesman, a house like the plaintiff's who had sold the wife such goods as the husband was obliged to furnish the wife, would have the right, such a house as that would have the right to recover from the husband on the ground that the wife, by law, was vested with authority to act as agent for her husband and to pledge his credit for such things.

"Now, that is a simple obligation and it has been long established in the law; and . . . [this action] is based upon the claim that when the husband left home he did not make adequate provision for his wife and children, and that she, acting under the authority that the law gave her, bought these goods from the plaintiff on his credit, that they are such goods as she had the right to buy, and that he is responsible.  That is the plaintiff's claim.

"Now, the husband's claim is that, in the first place, that he did make adequate provision.  Second, that the goods which were bought were not such as she would be entitled to buy if he had not made adequate provision for her and the family.  And that controversy is left for you to decide.  That is to say, you have to decide these questions.  In the first place it is admitted, I understand, that the husband left home and that he was under the obligation of a husband, such as I have stated to you, who leaves his wife and children.  That is to say, he has the obligation of supplying his wife and children with what was necessary for their decency and comfort, considering his station and means.

"Your first question, therefore, would be, did he make such provision? . . . In determining that question you are to use your own good judgment as to what is reasonably necessary for the decency and comfort of his wife and family according to his station and means.  You will notice that last phrase, "according to his station and means," and you will see that the law makes a distinction between what is reasonably necessary for the decency and comfort of a family of limited means and limited station and

what is reasonably necessary for the comfort and decency of a family where the husband has a higher position in the community and more means. That is to say, where he has got more money. . . .

"Your second question, therefore, would be, are these goods which the wife purchased such goods as I have described? The law has a word which is frequently used to describe such cases. That is to say, the law uses the word 'necessaries.' Necessaries consist of a class of goods which are commonly known to be necessary for the keeping up and support of a family. Of course, food, house rent, furniture and the furnishings of a house are all in a class which might be considered to be necessaries. Whether the particular goods are all necessaries or not depends on the judgment of the jury. If the jury find that was reasonably necessary for the decency and comfort of the family in his station of life and according to the husband's means, then such things as are mentioned in this case, that is, furniture and plates and so on, if you find that they were reasonably necessary, then they would be necessaries for which the husband, if he did not make adequate provision, would be responsible. So that your second question is, were these goods which you have heard described here, under the circumstances of this case, goods which were reasonably necessary for the decency and comfort of the wife and children according to his station in life? . . ."

The jury found for the plaintiff in the sum of $1,360.53; and the defendant alleged exceptions. The trial judge reported the questions of law arising upon the exceptions for determination by this court.

The case was submitted on briefs.

*W. J. Patron*, for the defendant.

*A. F. Breed*, for the plaintiff.

CROSBY, J. The plaintiff brings this action to recover for certain furniture and household goods delivered to the defendant's wife, at her request, and charged to him while he was living apart from her and their children.

The defendant and his wife were married in 1903 and lived together until June, 1919, when they separated; she and the children continued to live together. The goods were purchased by her on different dates in September, 1919, and after crediting

to the defendant those that she returned there was a balance of $1,360.53 due and payable when this action was brought. The goods were purchased for use in the home where she and the children lived; the children were twin boys, sixteen years old, and a boy eight years old. There was no evidence to show that after the defendant and his wife separated he ever returned to her; she testified that after the separation he paid her $55 a week for the support of herself and children until October 1, 1919, when the amount was increased to $75 a week. If the jury believed her testimony it could have been found that, when the goods were furnished by the plaintiff, some of the furniture in the house had been in use since their marriage, and that much of it was old, worn, and unfit for use. There was evidence that the defendant had $75,000 invested in his business, and $32,500 in cash, and also that he had some investments in mines. He testified that his income was approximately $10,000 and that " he did a business of a quarter of a million dollars." The case is before us on a report which contains all the evidence material to the questions of law involved.

It does not appear from the record whether the defendant abandoned his wife and children, or that the separation was by mutual consent without adequate provision for her maintenance. *Mayhew* v. *Thayer*, 8 Gray, 172. *Hall* v. *Weir*, 1 Allen, 261. The burden of proof is upon the plaintiff to show facts which establish the defendant's liability. *Eames* v. *Sweetser*, 101 Mass. 78. The term "necessaries" in this connection is not confined to articles of food or clothing required to sustain life, but has a much broader meaning and includes such articles for use by a wife as are suitable to maintain her and the family according to the property and condition in life of her husband. *Raynes* v. *Bennett*, 114 Mass. 424, 429. *Conant* v. *Burnham*, 133 Mass. 503. Nearly all the articles so furnished by the plaintiff consisted of furniture and household goods and clearly fell within the class of necessaries.

Whether the defendant had made adequate provision for the support of his wife and children suitable to her station in life according to his means, and whether the household goods purchased by her from the plaintiff were reasonably necessary, were questions of fact for the jury to determine upon all the evidence. *Raynes* v. *Bennett, supra. Willey* v. *Beach*, 115 Mass. 559. *Jordan*

*Marsh Co.* v. *Hedtler,* 238 Mass. 43, 46. Accordingly the defendant's motion that a verdict be directed in his favor was denied rightly. The instructions of the presiding judge were adequate and accurate and fully covered all the issues involved. The requests for instructions, except so far as covered by the charge, were properly refused.

The defendant's contention that the plaintiff is precluded from recovery on the ground that she agreed to accept a certain amount for her support and was not to pledge her husband's credit, cannot be sustained; it is well settled that contracts between husband and wife are invalid in law. *Silverman* v. *Silverman,* 140 Mass. 560. *Malden Hospital* v. *Murdock,* 218 Mass. 73, 75, 76.

Cases which hold that where a petition for separate support has been filed by a wife in the Probate Court and the husband has been ordered to pay a certain sum to the wife periodically for her support, which order has been complied with, are not pertinent to the facts in the case at bar.

The refusal of the trial judge to take the case from the jury because the plaintiff's counsel put the following question to a witness: "So far as you know, the trouble between Mr. and Mrs. Cohen is because of some woman?" was not error. The question was not answered. If it had appeared that the defendant was living apart from his wife and children because of some other woman, it might have had a tendency to show that the separation was not due to any misconduct on the part of the wife and that he had abandoned her. *Eames* v. *Sweetser, supra.*

The defendant duly filed a bill of exceptions and presented it, as amended and assented to by both parties, to the presiding judge shortly before the expiration of the time for allowance; the judge omitted to act upon it until the expiration of the time limit therefor and the exceptions were dismissed under Rule 54 of the Superior Court (1915). Thereafter, at the request of the defendant, the judge reported the case to this court for the determination of the questions of law arising upon the exceptions.

The case is properly before us. There is no doubt that apart from rule the Superior Court had power to report the case without limit as to time. R. L. c. 173, § 105, as amended by St. 1917, c. 345 (see now G. L. c. 231, § 111). *Strong* v. *Carver Cotton Gin Co.* 202 Mass. 209, 212. *Lee* v. *Blodget,* 214 Mass. 374.

*Leland* v. *United Commercial Travellers of America,* 233 Mass. 558, 560.

As we do not perceive any error in the conduct of the trial, the entry must be

*Judgment for the plaintiff on the verdict.*