DANIEL C. FISHER *vs.* EDWARD M. DREW.

Worcester. September 24, 1923. — January 2, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Implied. *Husband and Wife. Parent and Child. Practice, Civil,* Auditor, Motion for judgment upon auditor's report. *Evidence,* Presumptions and burden of proof.

An action in the Superior Court upon an account annexed was referred to an auditor who filed a report containing findings of fact but no general finding for either party. Each party filed a motion for judgment on the auditor's report. The motion of the defendant was denied and that of the plaintiff was allowed, and judgment was ordered for the plaintiff in a certain sum. The defendant alleged exceptions. *Held,* that

(1) It was evident that the action was not heard under Rule 30 of the Superior Court (1923), and that there was a hearing by a judge without a jury with the auditor's report as the only evidence;

(2) Even if there had been a general finding by the auditor in favor of one of the parties, the judge might have come to a different conclusion if warranted by the stated facts;

(3) Rule 44 of the Superior Court (1923) was not applicable;

(4) On the defendant's exceptions, if as a matter of law judgment ought to have been entered in his favor or could not rightfully have been entered for the plaintiff, then the exceptions must be sustained; but if, either as a matter of law or as a result of findings of fact on the auditor's report, judgment rightly might have been entered for the plaintiff, then the exceptions must be overruled.

Rule 44 of the Superior Court (1923) has no application to hearings by a judge sitting without a jury.

Discussion by RUGG, C.J., of the rules of law relating to presumptions and implications which bear upon the determination of the questions, whether a parent should be paid for support furnished to a daughter, and whether a husband of the daughter was liable for support furnished by the father to the daughter.

Where, upon the evidence at the trial of an action, conflicting presumptions arise, ordinarily one presumption cannot be said as a matter of law to be stronger or weaker than or equal to another, but the action must be determined as a question of fact upon all the evidence.

An auditor, to whom was referred an action by a father against the husband of his daughter seeking payment for board and lodging furnished to the daughter, found facts substantially as follows: The daughter was of age, always had been supported by the plaintiff, and had occupied a part of the plaintiff's office, doing some of the plaintiff's work there and also performing work as a public stenographer, paying no rent and receiving no compensation from the plaintiff. The work so performed for the plaintiff was suffi-

cient to offset the use of the office. The defendant married the daughter without the knowledge of the plaintiff or of his wife, and with the defendant's consent she continued to live with the plaintiff, to occupy his office and to do his stenographic work. About a year and seven months after the marriage, the plaintiff learned of it. Two months later the daughter left his home and went to live with the defendant. The action sought recovery for board and lodging furnished from the time of the daughter's marriage to the time she left the plaintiff's home. The defendant was able and willing to support the daughter, but contributed nothing for that purpose during the period she was with the plaintiff. There was no communication of any kind between the defendant and the plaintiff during the entire period covered by the account. The action was heard by a judge without a jury upon the auditor's report as the only evidence, and he ordered judgment for the plaintiff. *Held*, that

(1) While there was strong ground for holding that as a matter of law on the peculiar facts disclosed the defendant as the husband of the daughter was liable for her support, the decision was not rested on that ground;

(2) In view of the fact that the defendant did not disclose to the plaintiff his marriage to the daughter, but permitted the plaintiff to continue his support of his daughter in ignorance of that circumstance, an inference well might have been drawn from the facts found by the auditor that the defendant was liable to the plaintiff;

(3) The general finding for the plaintiff inferable from the order for judgment in his favor imported a finding of all subsidiary facts necessary to that conclusion;

(4) No error of law appeared in the order of judgment for the plaintiff.

CONTRACT for the value of board and lodging furnished to Mary A. Drew, the married daughter of the plaintiff and the wife of the defendant. Writ dated May 31, 1922.

In the Superior Court, the action was referred to an auditor. The auditor found facts which are described in the opinion. He made no general finding. After the filing of the auditor's report, each party moved for judgment thereon. The motion of the defendant was denied and that of the plaintiff was allowed by *N. P. Brown*, J., and judgment was ordered for the plaintiff in the sum of $930 with interest from the date of the writ. The defendant alleged exceptions.

The case was submitted on briefs at the sitting of the court in September, 1923, and afterwards was submitted on briefs to all the then Justices.

*C. E. Tupper*, for the defendant.

*J. F. Hurley*, for the plaintiff.

RUGG, C.J. This case involves the contractual right of a father to recover from the husband of his adult daughter

payment for her board and laundry, where the father was ignorant of the marriage at the time the services were rendered and where there was no express contract for compensation. No question of amount is presented, the only controversy being whether any liability existed.

The case was referred to an auditor, who stated the facts but made no general finding on the defendant's liability. *Holmes* v. *Hunt*, 122 Mass. 505.

Summarily stated the facts are these: Daniel C. Fisher had a family consisting of his wife and a daughter, Mary A. Fisher, of full age. The daughter had always been supported by him. The father had an office, also occupied by the daughter, who was a public stenographer and who did her father's work of that character, paying no rent and receiving no compensation for her services. The work so performed was sufficient to offset the use of the office. On September 4, 1916, the defendant, Edward M. Drew, married the daughter; but this fact was not known to the father, and Mrs. Drew with her husband's consent continued to live in her father's home, to occupy his office and to do his stenographic work, as she did before her marriage. This situation continued until June 20, 1918, when the fact of the marriage was made known to the mother, and the daughter went to live with her husband. The father knew of the marriage about two months prior to the latter date. The husband was able and willing to support his wife during the time in question, but he contributed nothing for that purpose. The husband has never acknowledged any indebtedness. There was no communication of any kind between him and the father during the entire period.

After the coming in of the report both parties filed motions for judgment in accordance therewith. It is evident, however, that the case was not heard under Rule 30 of the Superior Court (1923) (see *Wheeler* v. *Tarullo*, 237 Mass. 306), but that there was a trial before the judge with the auditor's report as the only evidence, jury claims having been waived. The case is considered on that basis. *Sherry* v. *Littlefield*, 232 Mass. 220. Even if there had been a general finding by the auditor in favor of one of the parties, the

judge might have come to a different conclusion if warranted by the stated facts. *Livingston* v. *Hammond,* 162 Mass. 375. *Fisher* v. *Doe,* 204 Mass. 34, 41. *Weisberg* v. *Hunt,* 239 Mass. 190. *King* v. *Freedman,* 239 Mass. 560, 564.

The defendant's motion that judgment be entered in his favor was denied. The plaintiff's motion that judgment be entered in his favor was allowed and judgment entered accordingly. The defendant's exceptions to the disposal of each of these motions bring the case here.

These motions are not framed as requests for rulings of law. That part of Rule 44 of the Superior Court (1923), which requires that the " question whether the court should order a verdict must be raised by a motion," has no application to hearings before a judge sitting without a jury. A " verdict " can be rendered only by a jury. *McKinley* v. *Warren,* 218 Mass. 310, and cases collected at 312. The use of the word " verdict " confines the scope of that part of Rule 44 to jury trials. Each motion in the case at bar amounts to no more than a request for the entry of a judgment favorable to the party presenting it, either as the result of findings of fact or of rulings of law. A judge sitting without a jury in an action at law can only be required to pass upon pertinent requests for rulings of law seasonably presented and to decide the case. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494. The defendant's exceptions, therefore, mean that if as matter of law judgment ought to have been entered in his favor or could not rightfully have been entered for the plaintiff, then the exceptions must be sustained; but if, either as matter of law or as a result of findings of fact on the auditor's report, judgment rightly might have been entered for the plaintiff, then the exceptions must be overruled.

There is a presumption that board furnished to a daughter by her father is gratuitous and ordinarily no implied promise arises to pay therefor. *Mulhern* v. *McDavitt,* 16 Gray, 404. *Livingston* v. *Hammond,* 162 Mass. 375. *Lyons* v. *Jackson,* 232 Mass. 275, 278. There is also an implication of the law that, where the husband refuses or neglects to support his wife, he is liable for such support to one who furnishes it,

whether the latter is aware of the circumstances which give rise to the liability, or not. *Cartwright* v. *Bate,* 1 Allen, 514. The moment the marriage relation comes into existence, a husband, except under special circumstances, is liable for the necessary expenses of his wife's support where he has neglected to defray the same or to make proper provision therefor. *Mayhew* v. *Thayer,* 8 Gray, 172. *Dolan* v. *Brooks,* 168 Mass. 350. *Prescott* v. *Webster,* 175 Mass. 316. His liability is based on the obligation to fulfil " what law and duty require him to do, and which he neglects or refuses to do for himself." *Cunningham* v. *Reardon,* 98 Mass. 538, 539. *Raynes* v. *Bennett,* 114 Mass. 424. *Vaughan* v. *Mansfield,* 229 Mass. 352. See Ann. Cas. 1915A, 4. The authority has been said to create a " compulsory agency." *Benjamin* v. *Dockham,* 134 Mass. 418. The husband is bound " even against his will " and his " consent is conclusively implied." *Alley* v. *Winn,* 134 Mass. 77, 79. Generally the liability exists only in cases of necessity. The obligation is one imposed by law and exists even if a husband has no full contractual capacity, as where he is a minor or insane. *Butler* v. *Breck,* 7 Met. 164. *Jordan Marsh Co.* v. *Hedtler,* 238 Mass. 43. *New York Trust Co.* v. *Brewster,* 241 Mass. 155, 160. *Read* v. *Legard,* 6 Exch. 636. The one who seeks relief commonly must show either an express contract or facts creating a liability by implication of law. *Eames* v. *Sweetser,* 101 Mass. 78. *Sturbridge* v. *Franklin,* 160 Mass. 149. *Jordan Marsh Co.* v. *Cohen,* 242 Mass. 245, 249.

There is strong ground for holding, on the strength of these decisions as to the liability of the husband for the support of his wife, that as matter of law on the peculiar facts here disclosed the plaintiff can recover. Without resting the decision upon that ground, it cannot be held that there was error of law in entering judgment for the plaintiff.

The inference might have been drawn from the facts stated by the auditor that the defendant was liable to the plaintiff. In this aspect a case of conflicting presumptions is presented. On the one side is the presumption that the father did not intend to charge his daughter for board. On the other side is the presumed obligation of the husband to support his

wife, who was that daughter. Where there are conflicting presumptions ordinarily one cannot be said as matter of law to be stronger or weaker than, or equal to another. The case must be decided as a question of fact upon all the evidence. *Turner* v. *Williams,* 202 Mass. 500, 505. *Chandler* v. *Prince,* 217 Mass. 451, 455. Whether the plaintiff could recover or not became an inference of fact to be drawn by the trial judge from the facts set forth in the auditor's report. *Fisher* v. *Doe,* 204 Mass. 34. *South Lancaster Academy* v. *Lancaster,* 242 Mass. 553, 556. That the defendant did not disclose his marriage to the daughter to the plaintiff, but permitted the latter to continue his support of his daughter in ignorance of that circumstance, was a factor entitled to be considered in deciding which legal presumption ought to prevail.

The general finding for the plaintiff inferable from the order for judgment in his favor imports a finding of all subsidiary facts necessary to that conclusion. *Adams* v. *Dick,* 226 Mass. 46, 52. *Murphy* v. *Hanright,* 238 Mass. 200, 204.

*Exceptions overruled.*