Bolster, C. J.
This is an action by an. undertaker against a husband for the burial expenses of the latter’s wife. The defendant made no agreement to that end. The plaintiff must stand on a duty imposed by law, and unperformed. The defendant and his wife had been living apart. It did not appear whether that came about by consent, or by court order, but till her death the marriage bond had not been dissolved, cf. Slavinsky v. Slavinsky, 287 Mass. 28.
The defendant’s argument is that, given the fact of separation, the plaintiff had the burden of proving that the wife was rightfully living apart under conditions which still gave her the right to look to him for support. For the purposes of support while she lived, that appears to be so. cf. Malden Hospital v. Murdock, 218 Mass. 73. Sturbridge v. Franklin, 160 Mass. 149.
But the present case is not determined by decisions upon rights and liabilities while both husband and wife remain alive, although we are not unaware of the fact that in some opinions, an analogy has been attempted. Cunningham v. Reardon, 98 Mass. 538. cf. Jordan Marsh Co. v. Hedtler, 238 Mass. 43. We recently held in Levine v. Cherry, App. Div. No. 377355 (45-189) [1935 A. D. R. 389], that full payment under a probate court decree did not absolve a husband from liability for the cost of his wife’s burial. We think the defendant’s request as to the burden of proof was rightly refused, and that if the defendant has any ground of escape, the burden of proving it is on him. Prima facie, at least, he is liable, cf. Lakin v. Ames, 10 Cush. 198, at 221. *62 Carley v. Green, 12 Allen, 104, semble. Constantinides v. Walsh, 146 Mass. 281. The right of sepulture is his. Durell v. Hayward, 9 Gray 248. Weld v. Walker, 130 Mass. 422. Burney v. Children’s Hospital, 169 Mass. 57. So is the duty. He assumes that duty by marriage, cf. Fisher v. Drew, 247 Mass. 178. He must prove his release from it. Marital discord should stop at the grave. Public interest and decency require that dead bodies should be buried, and prepared for burial, and prompt action is imperative. It is settled that the husband’s ignorance of his wife’s death does not release him. Neither, we think, would mere failure to co-habit, or a separation by consent, which is just as consistent with the showing of this report as the situation which the fifth request apparently advances as the sole test of liability, unless “consent” is to be read as included in “cause.”
Report dismissed.