Sanborn, J.
This is an action of contract on an account annexed to recover for a balance due on the purchase of certain articles of furniture. The answer is a general denial, and a plea of the Statute of Frauds.
From the agreement of the parties and the evidence offered at the trial, the facts may be taken to be as follows:— On November 15, 1930, the defendant’s wife who was an employee of the plaintiff, purchased of the plaintiff a three piece parlor set for the sum of $105.46, and signed a conditional sales agreement in the usual form whereby she agreed to pay one dollar as the first payment and $8.50 each succeeding month until the full purchase price was paid. Without the authority or knowledge of her husband, she signed his name to the contract. Payments were made until the balance due was reduced to $22.46. On June 17, 1932, the defendant’s wife purchased an electric refrigerator for $168.55, and signed another conditional sales agreement whereby this amount was to be added to the unpaid balance of the original purchase, and paid for by a down payment of $10.00, and instalment payments of $13.50' each month until both purchases were entirely paid for. The agreement of June 17,1932, recites that it was to be a part of the original contract dated November 15, 1930'. The defendant’s name does not appear on the contract of June 17,1932. In January, 1933, payments were in arrears. The defendant said there was difficulty in making payments of $13.50 a month, and it was agreed the defendant would pay $1.50 a week instead of the amount stated in the contract. Following this agreement, the defendant paid $7.00, in four different payments, the last payment being made on March 22, 1933, at which time the balance due the plaintiff was *53 $124.51. Up to the time of the purchase of the articles, the defendant had no refrigerator and no parlor set, but odd pieces in the parlor. He knew of the purchase of these articles but only after their delivery at his home, and at no time did he protest to the plaintiff against their purchase. It was agreed that the defendant and his wife were living together; that the articles purchased were necessaries; that the account stood in the name of the defendant’s wife on the plaintiff’s books; that the plaintiff allowed its employees a discount on purchases made for themselves and their immediate families. There was evidence tending to show the defendant’s wife as an employee of the plaintiff was earning $12.00 a week at the time of said purchases, and the salary of the defendant at that time was about $33.00 a week.
The Court found for the plaintiff in the sum of $124.50.
The question presented to this Court by the denial of the defendant’s requests for rulings is whether upon the facts here stated the defendant is liable for the purchase price of the articles furnished.
Not only did the trial Court find specifically as a fact that the articles in question were necessaries, but it was agreed that such was the fact, — that is, that they were reasonably necessary for the decency and comfort of the defendant and his wife in their condition of life. Articles of this sort have been expressly held to be necessaries. Jordan Marsh Co. vs. Cohen, 242 Mass. 245; Willey vs. Beach, 115 Mass. 559; Rayner vs. Bennett, 114 Mass. 424; Conant vs. Burnham, 133 Mass. 503.
That the defendant had failed or neglected to provide them could obviously have been found from the evidence. Under such circumstances, the defendant’s liability rests upon the general legal duty imposed upon him of furnishing his wife with the reasonable necessities of life. Jordan *54 Marsh vs. Hedtler, 238 Mass. 43; Eames vs. Sweetser, 101 Mass. 78; Cunningham vs. Reardon, 98 Mass. 538.
The fact that the defendant’s wife has an income from her own labors does not absolve him from the liabiliyt imposed upon him by law. His obligation remains unaffected. Dolan vs. Brooks, 168 Mass. 350.
In the case before us, not only is there the presumption that the defendant’s wife was acting as his agent in procuring the necessaries he had failed to provide, but it appears from the evidence reported that subsequently the defendant adopted and ratified the agreement of purchase by entering into a modification of that agreement, and actually in part and for a time carried out that new agreement by making several payments of money on account of the balance due. Such an adoption is in effect equal to a precedent authority.
There has been no prejudicial error in the rulings and finding of the trial Court, and this report is dismissed.
So ordered.