*Southern Division*

## BEST & CO., INC.
### v.
### WILLIAM A. MATHER

*Present*: Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Kalus, J.* in the Second District Court of Plymouth (Hingham). No. 31150 of 1961.

*Cox, J.* This is an action of contract to recover from the defendant the price for merchandise purchased by his wife, which is alleged to be necessaries. The items are described in the report as in the nature of *cosmetics* and *wearing apparel for children and adults*. No further description appears. There was no evidence of prior dealings between the parties.

There was a finding for the plaintiff. The judge made special findings, as follows:

> "The Court finds that the merchandise set out in the Plaintiff's Declaration were necessaries sold and delivered to the Defendants on the credit of the Defendant, William A. Mather, on order of said Defendant's wife, Jeanne M. Mather; said necessaries consisted of childrens and adults wearing apparel—shoes and cosmetics, for the female Defendant and their minor children."

The case was reported for our determination because the defendant claims to be aggrieved by the denial of certain of his requests for rulings of law and the finding for the plaintiff, notwithstanding the allowance by the judge of certain others of the defendant's requested rulings.

The alleged inconsistency between the

judge's finding for the plaintiff and the allowance of certain of the defendant's requests which the defendant contends required a different conclusion of the case, may be disposed of without a detailed consideration of those requests, because the only remedies available to a party making such a contention are a motion to correct the inconsistency or a motion for a new trial. The defendant filed neither motion. *Biggs v. Densmore,* 323 Mass. 106. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

The requested rulings which the judge denied were denied on the ground that they were not applicable to the facts found. When pertinent requests for rulings are denied on that ground, the facts should be reported. *Richards v. Gilbert,* 336 Mass. 617. The judge denied requests which should have been allowed and made no findings which can be said to have rendered them inconsequential. Those requests which fall into that category and which must be considered were the following:

"3. The burden of proof is upon the supplier to show that the husband refused or neglected to supply the wife with what was necessary for decency and comfort in the husband's condition of life and that the goods sold were such as the reasonable necessities of the wife required her to have.

"17. If the defendant has not violated his duty to supply his wife with necessaries, there can be no recovery by the Plaintiff in the

absence of a contract between the Plaintiff and the Defendant.

It is well established that "Marriage imposes on the husband the general legal duty of supporting his wife; and if he neglects or refuses to supply her with what is necessary for decency and comfort in his condition in life, he is liable to third persons who furnish her with such necessaries. *Eames & another v. Sweetser & trustee,* 101 Mass. 78. That liability need not be based on the wife's agency. It may exist even against the husband's will, or after any agency would have ended with the death of the wife. *Cunningham v. Reardon,* 98 Mass. 538. *Alley v. Winn,* 134 Mass. 77, 79." *Jordan Marsh Company v. Hedtler,* 238 Mass. 43, 45. Restatement, Restitution, §113.

"As a general rule the term 'necessaries', applied to a wife, is not confined to articles of food or clothing required to sustain life, or preserve decency, but includes such articles of utility as are suitable to maintain her according to the estate and degree of her husband." *Raynes v. Bennett,* 114 Mass. 424, 429 (Leading case). *Jordan Marsh Company v. Cohen,* 242 Mass. 245, 249.

Whether the goods which the defendant's wife purchased were necessaries was a question of fact for the judge to determine upon all the evidence. *Jordan Marsh Company v. Cohen,* 242 Mass. 245, 249, 250 and cases there cited. On the record before us we cannot say that the judge erred in holding

that the goods which the defendant's wife purchased from the plaintiff were within that broad range of goods which the word "necessaries" may be held to include.

██ There is, however, an important and decisive element which is missing here. The law is clear, that the authority which it gives the wife to purchase necessaries on her husband's credit suitable to their station in life, depends upon his failure or neglect to furnish them. Assuming that the merchandise which the defendant's wife purchased was suitable according to their station in life, nevertheless, to hold the defendant responsible it must appear that the defendant had refused or neglected to provide his wife with such suitable and appropriate articles. Unless it does appear that he refused or neglected to provide them, an essential ground for holding the husband liable is wanting. In short, it must appear not only that the merchandise was suitable but also that it was necessary. *Dolan v. Brooks,* 168 Mass. 350, 353. Restatement of the Law—Restitution s. 113. On this point the burden rests upon the plaintiff. *Raynes v. Bennett,* 114 Mass. 424. See also *Eames & another v. Sweetzer & trustee,* 101 Mass. 78; *Jordan Marsh Company v. Cohen,* 242 Mass. 245, 249.

In our opinion denial of the defendant's requested rulings which relate to the burden resting upon the plaintiff to prove that the defendant had refused or neglected to provide his wife with such necessaries as are involved

in this action is prejudicial error. There must be a new trial.

Deutschmann & Mann, of Boston, for the Plaintiff.
John W. Wright, of Brockton, for the Defendant.