*Southern District*

## WM. FILENE'S SONS COMPANY, INC.

v.

## JOHN A. CASSETTA and LINDA CASSETTA

*Present*: Nash, C.J., Cox & Lee, JJ.

Case tried to *Robinson*, J. in the District Court of East Norfolk, No. 33753.

*Lee, J.* This is an action of contract on an account annexed brought against the defendant, John A. Cassetta, and Linda A. Cassetta.

The defendant, John A. Cassetta's, answer was a general denial.

*At the trial the plaintiff introduced evidence* through the defendant, Linda Cassetta, that in February, 1964 the defendant Linda was a temporary employee of the plaintiff and opened a charge account in her own name to which all of the items listed on the declaration were charged by her during the months of February, March and two items in April of 1964. Both of the defendants were employed and the family consisted of themselves and a young baby under three years of age. At the time the charge account was opened the defendants were living together as husband and wife, however the marriage was not working out for some apparent reason and the parties made a temporary separation on March 18, 1964 which lasted about a week when they then continued to live together until April 2, 1964 on which date they separated finally.

It was admitted between the parties that a divorce decree nisi was granted by Norfolk Probate Court to the defendant, Linda on June 4, 1964.

Evidence was introduced to show that the Defendant John was earning approximately $90.00 a week, earning $60.00 a week on one job and the balance on another job as a part time truck driver and the Defendant Linda was receiving a take-home pay of $37.00 a week. It was also brought out that the husband owned a 1960 Ford Thunderbird automobile

which he used practically exclusively for his own purposes and that the finance payments were current.

The defendant Linda testified she did not know how many items similar to those she purchased she possessed at the time she purchased the items in the account annexed.

The defendant John A. Cassetta filed the requests for rulings, which with the court's disposition of them were, as follows:

1. There is not sufficient evidence to warrant a finding for the plaintiff against the defendant John A. Cassetta. *Denied.*

2. On all the evidence the plaintiff is not entitled to recover against the defendant John A. Cassetta. *Denied.*

3. Linda Cassetta was not the agent of the defendant John A. Cassetta in making the purchases declared upon and set out in the plaintiff's account annexed. *Denied—I find that there was no agency agreement between the two defendants but that the defendant John, being the husband of Linda at the time of the purchases, results in his responsibility to pay for the items purchased by her as he was her husband and the purchases were within his station in life.*

4. The items set forth in the plaintiff's account annexed were not necessaries. *Denied.*

5. In determining what items are necessaries this Court should consider the financial situation of the defendant, John A. Cassetta. *Allowed.*

6. In determining what items were necessaries,

the Court should consider the standard of living of the defendant, John A. Cassetta. *Allowed.*

The court made the following findings which accompanied its action on the defendant's requests for rulings:

"This is an action of contract wherein the plaintiff seeks to recover from each defendant the sum of $264.22.

"The defendant Linda Cassetta admits liability and also admits having made all of the individual purchases enumerated on the statement attached to the declaration. The defendant John A. Cassetta denies his liability on the basis that the items listed were not necessaries and that he never authorized the defendant Linda to make such purchases.

"In February, 1964 the defendant Linda was a temporary employee of the plaintiff and opened a charge account to which all of the items listed on the declaration were charged during the months of February, March and two items in April of 1964. At that time both of the defendants were employed and the family consisted of themselves and a young baby under three years of age. At the time the charge account was opened the defendants were living together as husband and wife, however the marriage was not working out for some apparent reason and the parties made a temporary separation on March 18, 1964

which lasted about a week when they then continued to live together until April 2, 1964 on which date they finally separated. It was admitted between the parties that a divorce decree nisi was granted by Norfolk Probate Court to the defendant Linda on June 4, 1964. Evidence was introduced to show that the defendant John was earning approximately $90.00 a week and the defendant Linda was receiving a take-home pay of $37.00 a week. It was also brought out that the husband owned a 1960 Ford Thunderbird automobile which he used practically exclusively for his own purposes and that the finance payments were current.

"It is elementary that a husband is responsible personally for the debts of his wife in making purchases for so-called 'necessities' of life. All of the purchases listed on the plaintiff's declaration indicate items of clothing and women's cosmetics usually purchased by every woman and the prices of each item are all less than $10.00 with the exception of seven items and of these only three items exceeded $10.00. I find as a fact that all of the items purchased by the defendant Linda were necessary and reasonable to her station in life as the wife of the defendant John and that he became automatically liable for their payment.

"Therefore, I find for the plaintiff against the defendants in the sum of

$264.22 as claimed in the declaration. Separate executions may be issued against each defendant but there is to be only one satisfaction of the amount claimed."

The defendant, John A. Cassetta, claims to be aggrieved by the rulings on requests for rulings 1, 2, 3, and 4, and by the finding of fact accompanying the ruling on request for ruling No. 3, and the finding accompanying the courts' action on the defendant's requests for rulings.

It is well established in the law that a husband is required to supply his wife with those items which are necessary and reasonable for her support and which are consistent with his station in life and that he may be liable to third parties who furnish her with such necessaries. *Eames v. Sweetser,* 101 Mass. 78; *Jordan Marsh Co. v. Hedtler,* 238 Mass. 43.

A purview of the items purchased from the plaintiff in this case readily shows that they could be necessaries for a wife.

The weakness in the plaintiff's case is that it has failed to prove vital elements of its case. There was no evidence introduced of the wife's need for these items nor was there any evidence that the wife of the defendant ever asked the defendant to supply her with these items and that he refused and neglected to comply. *Eames v. Sweetser,* 101 Mass. 78.

We feel that the absence of any evidence upon these two points is fatal to the plain-

tiff's case. It was incumbent upon the plaintiff to show the need of the wife and that the husband refused and neglected to supply his wife with these necessaries. *Raynes v. Bennett,* 114 Mass. 424.

We are of the opinion that on the facts found by the trial judge, and on the law applicable thereto, his finding in favor of the plaintiff was erroneous. The finding for the plaintiff against the defendant John A. Cassetta should be reversed and *judgment ordered for this defendant.*

Sumner Darman, of Boston, for John A. Cassetta.
John W. Bunker, of Boston, for the Plaintiff.